SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CALVIN CROSS and TRALON ELLIS,

            Plaintiffs,

        -against-

WOODBINE CATERERS, d/b/a WOODBINE
BALLROOM, DAVID OSWALD, 2281 CHURCH
AVE. LLC, and BAD DOG SECURITY, LLC.,

            Defendants.

**SUBPOENA DUCES TECUM**
**& RESTRAINING NOTICE**

Index No. 516493/2018

---

**THE PEOPLE OF THE STATE OF NEW YORK**

TO:

David Oswald
1232 East 69th Street
Brooklyn, NY 11235

G R E E T I N G:

**WHEREAS,** on April 26, 2022, a Judgment was entered in the captioned action,

commenced in the Supreme Court of the State of New York, County of Kings, between

Calvin Cross and Tralon Ellis, as plaintiffs, and Woodbine Caterers, d/b/a Woodbine

Ballroom, David Oswald, 2281 Church Ave. LLC, and Bad Dog Security, LLC., as defendants,

in favor of Calvin Cross and Tralon Ellis, as Judgment Creditors, and against Woodbine

Caterers, d/b/a Woodbine Ballroom, David Oswald, 2281 Church Ave. LLC, and Bad Dog

Security, LLC., as Judgment Debtors, in the following amounts: (A) in favor of plaintiff

Calvin Cross and against defendants Woodbine Caterers, d/b/a Woodbine Ballroom, David

Oswald, 2281 Church Ave. LLC, and Bad Dog Security, LLC., in the amount of $430,500.00;

and (B) in favor of plaintiff Tralon Ellis and against defendants Woodbine Caterers, d/b/a

Woodbine Ballroom, David Oswald, 2281 Church Ave. LLC, and Bad Dog Security, LLC., in the amount of $269,062.50; of which all sums awarded against the defendants, plus costs and disbursements of this action, in the sum of $1,710.50, with interest from April 26, 2022, remains due and unpaid;

**NOW, THEREFORE,**

**WE COMMAND YOU,** that all business and excuses being laid aside, to appear and attend a deposition to be held (**virtually, by Zoom link to be provided**) at the offices of Bernard D'Orazio & Associates, P.C., 238 West 139th Street, New York, NY 10030, before a Notary Public or other officer authorized by law to administer an oath on **August 30, 2022, at 10:00 a.m.**, and at any recessed or adjourned date to give testimony relevant to the enforcement of the Judgment entered in favor of the Judgment creditor.

**TAKE FURTHER NOTICE** that you are required to bring with you, and produce at the time and place indicated, the following items, things, or documents:

**See Schedule attached.**

**TAKE FURTHER NOTICE** that failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed two hundred fifty dollars and all damages sustained by reason of your failure to comply.

**RESTRAINING NOTICE**

**TAKE NOTICE** that pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, transfer, or assignment of, or interference

2

with, any property in which the judgment debtor has an interest, except as provided

therein.

## CPLR 5222(b)

"A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money."

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable

as a contempt of court.

Dated: New York, New York
      August 1, 2022

LAW OFFICES OF

3

BERNARD D'ORAZIO & ASSOCIATES, P.C.
Attorneys for Plaintiffs-Judgment
Creditors
The Legal Studio @ 238 West 139th Street
New York, New York 10030
(212) 608-5300
bdorazio@dorazio-law.com

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.      Bank or other financial account statements (including accounts maintained pursuant to IRA, Keogh, SEP-IRA, or other qualified or non-qualified pension plans), including, but not limited to, canceled checks, check book registers, general ledger, savings account passbooks, certificates of deposit, deposit receipts, and all other documents concerning accounts in which David Oswald (hereinafter "Judgment Debtor"), Judgment Debtor's spouse or children, has or had any interest since January 1, 2015.

2.      Judgment Debtor's federal income tax returns from and including 2015.

3.      Documents indicating identity of any bookkeeper, accountant, tax or business advisor, or CPAs consulted by you or who has worked for you.

4.      Records reflecting Judgment Debtor's present employment, occupation, and all sources of income since 2015.

5.      All income or support in any form (e.g., non-cash consideration, forgiveness of loans) received by or provided to or for the benefit of the Judgment Debtor since 2015 from spouse, family, friends or others.

6.      Records relating to the location and contents of any safe deposit box in which Judgment Debtor, spouse or children, has had any interest in the last five years.

7.      Documents concerning any real estate (including any interest in a co-operative housing corporation) owned or leased in whole or in part by Judgment Debtor, directly or indirectly (e.g., through an interest in an LLC or corporation or other entity) spouse or children during the past five years.

8.    Records indicating balance owed on all mortgages on any real property owned by debtor directly or indirectly, including but not limited to 2281 Church Avenue, Brooklyn, New York.

9.    Any appraisal of real property in which the debtor has any interest.

10.    All stock, partnership, assumed name, or d/b/a certificates, W2, 1099, or any other tax or other form or documents concerning any business or other activity from which Judgment Debtor, spouse or children have derived income during the last five years.

11.    All titles, registrations, or other documents evidencing or concerning any automobiles, boats, planes, or other vehicles or machinery owned or used by either Judgment Debtor, spouse or children, during the past five years.

12.    Monthly credit card, debit card, or other credit line or debit account statements (including corporate or business cards) for the past three years. Produce copies of the front of each credit or debit card.

13.    Any homeowner's or renter's insurance policy or other policy covering real estate (including, but not limited to, co-operative ownership of real estate) or any other property in which either Judgment Debtor, spouse or children, has an interest since 2015.

14.    All original stock, limited partnership, limited liability company (LLC), limited liability partnership (LLP) certificates, any bonds, and any other registered or unregistered securities or instruments (e.g., promissory notes, checks, drafts) in the possession or subject to the control of Judgment Debtor.

15. All documents concerning any debts owed to Judgment Debtor or any claims, lawsuits, causes of action, contingent or non-contingent, in which Judgment Debtor has any interest.

16. Records of all loans, gifts, wages, bonuses, or other consideration paid to or for Judgment Debtor since 2015.

17. Records related to any gifts made to of for the benefit of Judgment Debtor from any party since 2015.

18. A copy of your Last Will and Testament and any codicils thereto.

19. Copies of all contracts or other agreements to which you are a party.

20. Documents concerning any sale or assignment of any assets of the Judgment Debtor since 2015.

21. Appraisals or any other documents concerning personal property (having a value of $100 or more per item or collection) in which the Judgment debtor, spouse, children, or other family has had an interest in the past five years, including jewelry, watches, fine art, rugs, antiques, or collections of any type. If any such item has been sold, gifted, lost, or conveyed, produce all documentation concerning the event.

22. All personal financial statements, loan applications, statement of net worth, or any other similar document, since January 1, 2015.

23. Produce any documents concerning any other asset in which Judgment Debtor has any interest or concerns any other income received by or due to Judgment Debtor.