UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK —

|  |  |  |
|---|---|---|
| In Re: | X | Case No. 1-24-43449-jmm |
|  |  | Chapter 11 |
| 2281 CHURCH AVENUE LLC, |  |  |
| Debtor. |  |  |
|  | X |  |

**STIPULATION AND ORDER RE TREATMENT OF CLASS 2 CLAIM IN DEBTOR'S AMENDED CHAPTER 11 PLAN**

**WHEREFORE:** NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017-1 ("Creditor"), by and through its authorized loan servicer, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), and the above-entitled Debtor, 2281 Church Avenue LLC ("Debtor")1, having consented to the terms and conditions contained in this *Stipulation and Order* ("Stipulation and Order") resolving the treatment of Nationstar's Class 2 Claim in the Debtor's *Amended Chapter 11 Plan* ("Plan") filed at Docket No. 73 with respect to Creditor's Claim (the "Claim") secured by certain real property of the Debtor having an address of 1232 E 69th St, Brooklyn, NY 11234 (the "Property").

### RECITALS

A.  On August 19, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court for the Eastern District of New York (the "Court"), which was assigned Case No. 1-24-43449-jmm (the "Chapter 11 Case").

B.  On March 28, 2025, the Debtor filed an *Amended Chapter 11 Plan* ("Plan", Dkt No. 73). The Plan classified Creditor's Claim in Class 2.

C.  As of June 11, 2025, the contractual arrears on the Claim total $18,009.00 (the

---

[1] Creditor, Nationstar, and Debtor are collectively referred to herein as the "Parties".

"Arrears").

D.      Thereafter, the Parties engaged in settlement discussions. Based upon those discussions and negotiations, Creditor, by and through its authorized loan servicer, Nationstar, by and through its undersigned counsel, and the Debtor, having consented to the terms and conditions contained in this *Stipulation and Order Re: Treatment of Class 2 Claim in Chapter 11 Plan* ("**Stipulation and Order**") related to the Property.

**NOW, THEREFORE,** it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, as follows:

1. Except as noted below, Creditor's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Property. Creditor's Claim shall be allowed in full in the Plan, and paid pursuant to the terms of the contractual loan documents.

2. Debtor shall make regular contractual payments to Creditor ("Contractual Payments") in the amount of $3,553.80 per month commencing July 1, 2025, and continuing on the same day of each month thereafter until the outstanding balance owed on Creditor's Claim is paid in full. The amount of the Contractual Payment may be subject to change pursuant to the terms of the loan documents. The Contractual Payment includes an escrow impound for property taxes and/or insurance. This amount is subject to change pursuant to the terms of the subject loan. Creditor may apply the Contractual Payments to the subject loan consistent with the terms of the pre-petition loan documents and applicable law.

3. As of June 11, 2025, the contractual Arrears on the subject loan totaled $18,009.00.

4. Debtor shall cure the Arrears over 60 equal monthly payments ("Cure Payments"). Cure Payments of $300.15 shall commence on July 1, 2025, and continue on the same day of

each month thereafter until June 1, 2030. Creditor may apply the Cure Payments contractually to the subject loan.

5. The loan shall remain escrowed for taxes and hazard insurance. Debtor shall be responsible for making escrow payments ("Escrow Payments") to Creditor. The current monthly Escrow Payment is $1,566.77, which is subject to change pursuant to the terms of the loan documents and applicable law.

6. Except as otherwise expressly provided herein, all remaining terms of the contractual loan documents shall govern the treatment of Creditor's claim.

7. In the event the Debtor defaults on any of the provisions contained in this Stipulation prior to confirmation of the Plan, Creditor may send the Debtor and Debtor's counsel (if any) a written notice of default via U.S. mail ("Default Notice") outlining the amount owed "Default Amount"). If the Debtor fails to cure the Default Amount in full after the passage of fourteen (14) calendar days from the date of Default Notice, Creditor may file a Certificate of Non-Compliance and proposed Order Terminating the Automatic Stay. The above default provisions shall only apply prior to confirmation of the Plan. The automatic stay of 11 U.S.C. §362 shall terminate upon confirmation of the Plan by agreement of the parties. In the event the Debtor defaults on any of the above provisions after confirmation of the Plan, Creditor may proceed with default remedies under the loan documents and pursuant to applicable state law, based on the contractual amount owed under the Note, rather than the amount due under the Stipulation and/or Plan.

8. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

9. Debtor understands that the subject loan may reflect a default while the Cure Payments are made. However, Creditor shall not proceed with default remedies under state law during the cure period provided that the payments are timely made. Creditor shall not be

3

required to release the loan from bankruptcy status until entry of a discharge, or the Debtor completes Cure Payments (whichever is later).

10. The above terms allow the Debtor to make Cure Payments to Creditor during the Plan. Confirmation of the Plan shall not constitute a reinstatement of the Subject Loan as of the Effective Date of the Plan. In the event of a default, Creditor shall proceed with default remedies as described herein. In the event Creditor previously recorded a Notice of Default, Notice of Sale, Judgment, or related foreclosure document, pursuant to applicable state law, based on a prior default under the Subject Loan, these documents shall remain in full force and effect in the event the Debtor defaults under this agreement. Nothing in this Stipulation shall be construed as a requirement to rescind a previously recorded foreclosure document. Nothing in this Stipulation shall be construed as a requirement to report the Subject Loan as contractually current to any third party, including credit agencies.

11. Except for provisions related to pre-confirmation matters, the terms of this Stipulation are contingent upon confirmation of the Debtor's Chapter 11 Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation. Debtor shall attach a copy of this Stipulation to any Amended Plan as an exhibit. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtor's Plan, the terms of this Stipulation shall control the treatment of Creditor's Claim. In the event Debtor fails to confirm a Plan, or the Debtor defaults hereunder and fails to cure pursuant to the above terms, the terms of this Stipulation shall be void.

12. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this

4

Stipulation shall be void, and Creditor shall retain its lien in the full amount due under the note with the right to unwind the above terms.

13. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

14. Nothing in this Stipulation or the Plan shall be construed as a release of the personal liability of any non-filing party, obligor, or guarantor under the loan documents.

15. In the event the Debtor asserts that Creditor has failed to comply with the terms of this Stipulation after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days from entry of a Confirmation Order on the Plan, the Debtor shall be required to provide written notice via certified mail of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP at 3333 Camino Del Rio South, Suite 225, San Diego, CA 92108, indicating the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "Meet and Confer Period") the Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance.

16. Creditor shall submit a ballot accepting the Debtor's Chapter 11 Plan for its Claim if the Plan incorporates the terms of this Stipulation and Debtor is in compliance with the terms of the Stipulation as of the ballot deadline.

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties has duly executed (or caused its/his/her duly authorized representative to execute) this Stipulation and Order as of the date first state above.

| | |
|---|---|
| Kamini Fox<br>Kamini Fox, PLLC<br>825 East Gate Blvd. | **ALDRIDGE PITE, LLP**<br>*Attorneys for Creditor* |

5

Suite 308  
Garden City, NY 11530  
516-493-9920  
Email: kamini@kfoxlaw.com  

By: /s/ Kamini Fox

3333 Camino Del Rio S, Suite 225  
San Diego, CA 92108  
Telephone: (858) 750-7600  
Facsimile: (619) 590-1385  
Email: Jarnold@aldridgepite.com  

By: /s/ Jenelle C Arnold  
    Jenelle Arnold, Esq.

Dated: August 26, 2025  
    Brooklyn, New York



_____  
**Jil Mazer-Marino**  
**United States Bankruptcy Judge**