UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                              Chapter 11

2281 CHURCH AVENUE LLC,            Case No. 24-43449-jmm

                Debtor.
------------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR TO
## ENTER INTO INSURANCE PREMIUM FINANCE
## <u>AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION</u>

UPON the Motion ("Motion", ECF No. 98) of the debtor and debtor in possession herein, 2281 Church Avenue LLC, (the "Debtor"), by its counsel Kamini Fox, PLLC, among other things, seeking an Order pursuant to 11 U.S.C. § 364(c)(2), (a) authorizing the Debtor to enter into the Premium Finance Agreement ("Agreement") with FIRST Insurance Funding ("FIRST"), and provide adequate protection, (b) authorizing and directing the Debtor and FIRST to take all actions necessary or appropriate to effectuate said Agreement, and (c) granting such other further relief as is just and proper; and after due and sufficient notice of the Motion and the opportunity for a hearing thereon; there being no objections to the requested relief; and after due deliberation, the Court having found good and sufficient cause appearing, it is hereby

ORDERED that:

1.     The Motion is granted to the extent set forth herein.
2.     The Debtor is authorized and directed to:

    a.   enter into the Premium Finance Agreement attached to the Motion as Exhibit "A" (the "Premium Finance Agreement");

  b. grant FIRST or its successor or assigns a first priority lien on and security interest in the Policies[1], including the unearned premiums and other collateral (collectively, the "Collateral"), as described in the Premium Finance Agreement; and

  c. timely make all payments due under the Premium Finance Agreement. FIRST is authorized to receive and apply such payments to the Indebtedness owed by Debtor to FIRST as provided in the Premium Finance Agreement.

3. Without limitation, the liens, security interests and rights in the Collateral granted under the Premium Finance Agreement: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in this Case and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge by any party in interest. Pursuant to the Premium Finance Agreement, the Debtor irrevocably appoints FIRST as its attorney-in-fact in the event of default to cancel any financed insurance Policies and collect the Collateral, as described infra.

4. If additional premiums become due to insurance companies under the Policies financed under the Premium Finance Agreement, Debtor and FIRST or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5. In the event Debtor does not make any of the payments under this Agreement or the Premium Finance Agreement as they become due, the automatic stay shall automatically lift to enable FIRST and/or third parties (without further order of this Court), including insurance companies providing the protection under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the Collateral and apply such Collateral to the Indebtedness owed to FIRST by Debtor.

6. FIRST, or any third party, including insurance companies providing the coverage under the Policies, exercising such rights shall comply with the notice provisions and other provisions of the Premium Finance Agreement.

7. The Premium Finance Agreement and the liens and security interests in the unearned premiums granted pursuant hereto shall continue in full force and effect and Indebtedness

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion or the Premium Finance Agreement, as applicable.

due under the Premium Finance Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of this Case, (ii) the discharge of Debtor, or (iii) the confirmation of a plan of reorganization.

8. To the extent that any audits need to be performed by any carrier on any of the Policies, the Debtor or the trustee subsequently appointed under Chapters 7 or 11, shall reasonably cooperate.

9. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.



Dated: October 9, 2025
Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge