UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

In re:                                              Chapter 11

                                                    Sub. V
    2281 CHURCH AVENUE LLC,
                                                    Case No.: 24-43449 (JMM)
                    Debtor.

----------------------------------------X

## ORDER CONDITIONALLY GRANTING FLUSHING BANK'S
## MOTION TO CONVERT CHAPTER 11 CASE

Upon the motion ("Motion")[1] of Flushing Bank ("Flushing") dated August 11, 2025 (Dkt. No. 101) for entry of an order converting this chapter 11 case to chapter 7, and for turnover of cash collateral, pursuant to § 1112(b) of the Bankruptcy Code, and all as more fully set forth in the Motion; and upon the Debtor's Opposition to the Motion dated October 1, 2025 (Dkt. No. 105); and upon Flushing's Reply in further support of the Motion dated October 3, 2025 (Dkt. No. 107); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Flushing's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, Opposition and Reply and having heard the statements in support of and opposition to the relief requested therein at a hearing held on October 8, 2025, before this Court (the "Hearing"); and counsel for Flushing and the Debtor, the subchapter V trustee, and the Debtor's principal having appeared at the Hearing; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

35115048.v1

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT,**

1. Flushing's Motion is hereby granted to the extent set forth on the record of the Hearing, and as more fully set forth herein.

2. The Debtor, by and through its Broker, shall re-list the property located at 2281 Church Avenue, Brooklyn, NY(the "Church Ave. Property") for sale for no more than $10,000,000 and shall market the sale of the Church Ave. Property for a period of sixty (60) days from the date of entry of this Order (the 60-day period hereinafter referred to as the "<u>Marketing Period</u>").

3. If the Debtor has not accepted an offer by the end of the Marketing Period, the Debtor shall direct its Broker to advertise and conduct an auction of the Church Ave. Property (the "Auction"). Advertising for the Auction must commence within seven (7) days after the end of the Marketing Period. The Auction must commence within thirty (30) days after the end of the Marketing Period. Flushing's right to credit bid at the Auction is preserved.

4. Any contract of sale (whether resulting from the broker's marketing during the Marketing Period or the Auction) shall be a *bona fide* contract of sale ("<u>Contract of Sale</u>"), containing no financing contingency and having a closing date (the "<u>Closing Deadline</u>") within thirty (30) days after the Debtor obtains bankruptcy court approval of the Contract of Sale, time being of the essence, in substance acceptable to Flushing, together with proof of payment of a deposit of at least 5% of the proposed purchase price.

5.     No later than seven (7) days after the Marketing Period (the "Sale Motion Deadline"), the Debtor shall file a motion seeking: (a) bankruptcy court approval of a Contract for Sale (the "Sale Motion"); or (b) entry of an order that approves the bid procedures, schedules the Auction, and schedules a hearing to consider the sale of the Church Ave Property to the highest and best bidder (the "Bid Procedures Order").

6.     The Debtor shall use best efforts (including by seeking an expedited hearing in accordance with Local Bankruptcy Rules and filing the Sale Motion or Bid Procedures Order prior to the end of the Marketing Period) to ensure either the Sale Motion or Bid Procedures Order is heard within fourteen (14) days after the Marketing Period.

7.     The Marketing Period, Closing Deadline, Sale Motion Deadline, and Auction Deadline may be extended upon the written consent of Flushing in its sole discretion or upon further order of the Court for good cause shown.

8.     If the Debtor defaults under this Order, Flushing may file and serve a notice of default on Debtor, Debtor's counsel, and the subchapter V trustee, by overnight or hand delivery, and seven days' after filing and serving the notice of default, Flushing may submit an order converting Debtor's case to one under chapter 7 of the Bankruptcy Code.

9.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.    The parties are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

11. The Court may retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 28, 2025
Brooklyn, New York



_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**

35115048.v1